Case 1:21-mj-00674-GMH   Document 1-1

Case: 1:21−mj−00674
Assigned To : Harvey, G. Michael
Assign. Date : 12/2/2021
Description: COMPLAINT W/ ARREST WARRANT

# STATEMENT OF FACTS

On 12/01/2021 MPD Crime Unit Crime Suppression Team 8 (CST 8) was conducting routine patrol dressed in full uniform and utilizing marked scout cars within the Fall Crime Initiative Area 4 (FCI Historic Anacostia; PSA 701). Officers have received several complaints about violent criminal activity in the area, have recovered large amounts illegal drugs in the area, and have made multiple firearms related arrests in the area.

Officers observed several subjects standing in front of 1953 19th Place SE. Officers observed several open bottles that resembled an alcoholic beverage. Officers also observed plumes of smoke coming from the group of subjects standing in front of 1953 19th PL SE and smelled an odor consistent with marijuana. Officers exited the vehicle to investigate the Public Consumption of Marijuana on a Public Space and the Possession of an Open Container in Public.

While Officers were approaching the subjects to inform them of laws in regard to consuming marijuana and alcohol in public, Officer Jeskie observed D-1 quickly exit a sedan that was parked on the side of 1953 19th PL SE. The vehicle then quickly exited the parking lot and fled the area. As the vehicle fled the area, Officers Jeskie and Chapman observed D-1 quickly take flight towards the group of subjects who appeared to be consuming marijuana and drinking alcoholic beverages. Officers observed that D-1 was carrying a long cylindrical black bag that is capable of carrying a rifle. Officers also observed D-1 "sling" the long cylindrical black bag over his shoulder in an effort to secure the long cylindrical black bag as he fled the scene. Based on the officers' training and experience, D-1 slung the long black cylindrical bag similar to how someone commonly slings a full-sized rifle.

Officers observed D-1 jump over a handrail in front of 1953 19th PL SE and D-1 fled directly in front of Officers. While fleeing the area, D- 1 made multiple requests for subjects to open the front doors to 1953 19 PL SE and to block the officer's path. Multiple subjects opened the front door and D-1 continued to flee from Officers. Multiple subjects attempted to prevent Officers from pursuing D-1. Subjects attempted to close the front doors to 1953 19th PL SE and attempted to interfere with the investigation by using their bodies to block Officers' entry into the building. One subject dove between Officers while they were on a stairway in an attempt to cause Officers to fall down the stairs. It was clear to all Officers on scene that all of the subjects were attempting to interfere with the investigation so that D-1 could flee the scene without apprehension.

Officers made their way through the crowd and never lost sight of D-1. D-1 ran down a flight of stairs, through a basement floor hallway, then up a flight of stairs before exiting the rear of the building. Officers Jeskie and Chapman observed that D-1 was in possession of the long black cylindrical bag during the entire foot pursuit. Again, Officers never lost sight of D-1 during the foot pursuit.

As soon as D-1 exited the rear of 1953 19 PL SE, Officer Jeskie observed D-1 toss the long cylindrical black bag over a handrail behind 1953 19 PL SE. Officer Chapman immediately observed that the long black cylindrical bag landed in a grassy area behind the building and within close proximity to D-1. After D-1 tossed the bag Officer Chapman was able to apprehend D-1 and secure him in handcuffs without incident. Officer Jeskie conducted a pat down of the long black cylindrical bag and felt a backstop and receiver resembling a rifle. Officer Jeskie opened the bag

and visually observed that the object inside of the long cylindrical black bag was a rifle. The rifle was clearly viewable and in plain view from the bottom of the long black cylindrical bag.

Officer Benites continued to pursue a second subject towards 18th Street SE but was unable to secure the subject. The subject was unrelated to the possession of the rifle.

Officers secured the long cylindrical black bag containing the rifle and took photos of the recovery area. The rifle was later revealed to be a black Anderson Manufacturing AR-15 Assault Rifle (Serial # 20202342) with 26 rounds of .556 caliber ammunition in a forty-five round capacity magazine. There was also one additional loose round of .556 caliber ammunition loose in the bag the rifle was located in. D-1 identified himself as WORKMAN, Vincent while on scene. There are no firearm or ammunition manufacturers in the District of Columbia, therefore the firearm and ammunition in this case would have traveled in interstate commerce.

During the investigation D-1 made multiple spontaneous statements. D-1 stated words to the effect of "I fucked up," that D-1 had to "man up," that he was "going away for a long time," and asked for his "last cigarette."

A criminal history check of the defendant through the National Crime Information Center (NCIC) confirmed that the defendant has a prior felony conviction in the District of Columbia Superior Court for Voluntary Manslaughter While Armed, case number 2006-CF1-15546. The defendant was sentenced to one hundred forty-four (144) months incarceration in that case. The defendant is currently on supervised release in this case. The defendant also has a prior felony conviction in the District of Columbia Superior Court for Assault with a Dangerous Weapon, case number 2014-CF3-4159. Therefore, the defendant was aware at the time of his arrest in this case that he had prior convictions for crimes punishable by more than one year.

Based on the foregoing, I submit that there is probable cause to believe that WORKMAN violated 18 U.S.C. § 922(g), which makes it a crime for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm and/or ammunition.

_____
OFFICER JOHN JESKIE
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 2nd day of December 2021.*

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE